Filed 7/18/25  P. v. Williams CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRELL LEE WILLIAMS,<br><br>    Defendant and Appellant. | B338842<br><br>(Los Angeles County<br> Super. Ct. No. GA088486) |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Appeal dismissed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Darrell Lee Williams appeals from an order denying his request for resentencing under Penal Code

section 1172.1.[1]  His appellate counsel filed a brief raising no issues and requested we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Williams filed a supplemental brief. Because the trial court's order is not appealable, we dismiss the appeal.

## BACKGROUND

In November 2015, a jury convicted Williams of two counts of voluntary manslaughter and five counts of assault with a deadly weapon.  On the assault with a deadly weapon counts, the jury found true Williams personally inflicted great bodily injury on each victim.  Prior to sentencing, Williams admitted he suffered two prior strike convictions and prior serious felony convictions, and the parties agreed the enhancements for the prior serious felony convictions would be imposed as one.

The trial court sentenced Williams to a term of 30 years to life for the first voluntary manslaughter count, which included a five-year enhancement for a prior serious felony conviction.  He was sentenced to 25 years to life for the second voluntary manslaughter count and 25 years to life for the five counts of assault with a deadly weapon, each to run concurrently.  Two assault with a deadly weapon convictions were stayed under section 654 as arising from the same act for which Williams was convicted of voluntary manslaughter.

In May 2024, Williams filed a form request for recall of sentence and resentencing pursuant to Assembly Bill 600 and section 1172.1.  The trial court thereafter issued an order noting that section 1172.1, subdivision (c), does not entitle a defendant

---

[1]      All subsequent statutory references are to the Penal Code.

to file a petition for relief, and stating the court was "tak[ing] no further action" on the petition.

Williams now appeals.  His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo, supra*, 14 Cal.5th at pp. 231–232.  Williams filed a supplemental brief, asserting that "[s]ection 1393 allows for reconsideration of enhancements that are no longer enforced or mandatory" and requesting "any outdated enhancements" be removed from his sentence.

## DISCUSSION

We dismiss the appeal, as the trial court's order is not appealable.  Section 1237 generally governs a defendant's right to appeal in criminal cases.  Under that section, a defendant may appeal from (1) a final judgment of conviction (§ 1237, subd. (a)), and (2) "[f]rom any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subd. (b).)

Pursuant to section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced."  (§ 1172.1, subd. (a)(1).)  The court may also act upon the recommendation of various designated correctional or law enforcement authorities.  (*Ibid.*)

However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is

3

not required to respond."  (§ 1172.1, subd. (c).)  "[A] defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling."  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).)

A trial court's order declining to respond to a defendant's request for resentencing under section 1172.1 is not appealable.  Because "the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one."  (*Hodge, supra*, 107 Cal.App.5th at p. 996.)  Accordingly, the trial court's order declining to respond to Williams's petition is not appealable.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

COLLINS, J.

4